595 So.2d 774 (1992)
RESOLUTION TRUST CORP. as Receiver of ABQ, F.S.B.
v.
Sandra Birdsall MALDONADO.
No. 91-C-2536.
Court of Appeal of Louisiana, Fourth Circuit.
February 25, 1992.
Gerard O. Salassi, IV, Metairie, for relator.
Edwin E. Burks, New Orleans, for respondent.
Before BARRY, BYRNES, LOBRANO and PLOTKIN, JJ., and BRYAN, J. Pro Tem.
PLOTKIN, Judge.
Relator Resolution Trust Corporation (RTC) appeals a trial court judgment denying its motion for summary judgment in its suit on a promissory note against respondent Sandra Birdsall Maldonado. Because our review of the record reveals both that no genuine issues of material fact remain and that RTC is entitled to judgment as a matter of law, we reverse and grant the motion for summary judgment.

FACTS
Maldonado signed a promissory note payable to White Cypress Lakes Development Corporation (WCLDC) on August 28, 1987, which note was later pledged to Albuquerque Federal Savings and Loan Association (AFS & L). On January 28, 1988, AFS & L filed suit against Maldonado for default on the note.
AFS & L was issued a new charter on March 21, 1988, and renamed "ABQ, Bank, F.S.B.; RTC was appointed conservator. Then, on March 15, 1990, the Director of the Office of Thrift Supervision issued an order closing ABQ, Bank, F.S.B. and appointing RTC receiver. A new federal *775 charter was issued to "ABQ, F.S.B." and all assets of ABQ, Bank, F.S.B. were transferred to the new bank on March 15, 1988; RTC was appointed conservator of ABQ, F.S.B. On March 1, 1991, RTC was appointed receiver for ABQ, F.S.B.
Maldonado answered the claim, generally denying the allegations and asserting the defense that AFS & L was not a "holder in due course." Additionally, Maldonado filed a third party demand alleging that she was fraudulently induced into signing certain agreements; the third party demand was then severed from the principal demand. The RTC then filed a motion for summary judgment.
In opposition to the motion for summary judgment, Maldonado argues that RTC is not a holder in due course because RTC knew or should have known that the note was fraudulently induced. The trial court denied the motion for summary judgment. In its application for writs, RTC asserts that the trial court judgment is incorrect for two reasons: (1) it is entitled to holder in due course status under the federal common law doctrine, and (2) it is protected from the defenses asserted by Maldonado by the D'Oench, Duhme doctrine. Both arguments have merit.

FEDERAL HOLDER IN DUE COURSE STATUS
The federal holder in due course doctrine was established in FDIC v. Wood, 758 F.2d 156 (6th Cir.), cert. denied 474 U.S. 944, 106 S.Ct. 308, 88 L.Ed.2d 286 (1985), in which the court stated that the doctrine "bars the makers of promissory notes from asserting various `personal' defenses against the FDIC in connection with purchase and assumption transactions involving insolvent banks." Id. at 156. In essence, as a matter of federal common law, "the FDIC and subsequent note holders enjoy holder in due course status whether or not they satisfy the technical requirements of state law." Campbell Leasing, Inc. v. FDIC, 901 F.2d 1244, 1248 (5th Cir.1990). "[T]he federal common law... accords holder in due course status to the FDIC when it acquires a note in its corporate capacity through a purchase and assumption transaction with a failed financial institution." FSLIC v. Brocato, 569 So.2d 17, 21 (La.App. 4th Cir.1990).
Further, under the provisions of 12 U.S.C.A. § 1441a(b)(1)(B), the RTC, "when acting as a conservatory or receiver of an insured depository institution, shall be deemed to be an agency of the United States to the same extent as the FDIC when it is acting as a conservator or receiver of an insured depository institution. The fact that the notes in question were acquired in bulk, which might affect holder in due course status under state law, is immaterial to the federal common law holder in due course doctrine. FSLIC v. Murray, 853 F.2d 1251, 1256 (5th Cir.1988). Thus, the RTC is entitled to federal holder in due course status in the instant case.

D'OENCH, DUHME DOCTRINE
In D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956, reh'g denied 315 U.S. 830, 62 S.Ct. 910, 86 L.Ed. 1224 (1942), the United States Supreme Court established a doctrine which "estops debtors from defending notes based on agreements that are not apparent from the face of a banking institution's records and assets" in cases involving the FDIC. Brocato, 569 So.2d at 20. Under that doctrine, which has been codified at 12 U.S.C. § 1823(e), debtors may not use "secret agreements" to nullify the effect of otherwise binding written obligations. Id. In Langley v. FDIC, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987), the court held specifically that makers of a note who alleged that the bank had procured the promissory note by oral misrepresentations could not assert the defense of fraud in the inducement in a collection action by the FDIC after it acquired the note. Since the RTC is subject to the same rules as the FDIC, the defense of fraudulent inducement cannot preclude recovery on the note here.

CONCLUSION
Because the RTC in the instant case is entitled to federal common law holder in due course status and because the debtor is precluded from asserted her fraudulent inducement *776 defense by the D'Oench, Duhme doctrine, RTC is entitled to summary judgment. The trial court judgment to the contrary is reversed.
LOBRANO, Judge, dissents.
I respectfully dissent. Based on my review of the application and response thereto it appears as though the note was pledged to the defunct financial institution as collateral for a loan to the designated payee. This is not a situation where RTC is obtaining a note that is payable to the defunct institution. The defendant is the maker of a note payable to WCLDC. WCLDC pledged the note to secure a loan from Albuquerque Federal Savings and Loan. Unless AFS & L foreclosed on its pledge and became a holder of the note I do not see how RTC can avail itself of the holder in due course doctrine. If WCLDC is still the payee on the note, how can RTC be substituted as the payee, much less as holder in due course, absent a foreclosure on the pledge by either RTC or the bank? This is an issue of fact that is not clear from the record and in my opinion, makes a great deal of difference with respect to applying the Federal holder in due course doctrine.