LLOBRANO, Judge.
The issue in this writ application is whether the makers of promissory notes which are pledged to secure the principal obligation of the borrower can be deprived of asserting defenses because of the Federal Holder in *1109 Due Course Doctrine and/or the D’Oench, Duhme Doctrine.
The borrower in this ease, “Friends of Wayne Babovich,” executed a promissory note payable to the order of Crescent City Bank evidencing a debt of $300,000.00. That note was secured by the pledge of three promissory notes executed by: (1) Ronald Natal in the sum of $15,000.00; (2) Steven Scott Sewell in the sum of $15,000.00 and (3) Walter Baudier in the sum of $20,000.00. Each of the pledged notes are payable to the order of “Friends of Wayne Babovich.”
Crescent City Bank was liquidated. The note and its collateral (the pledged notes) were assigned to the Federal Deposit Insurance Corporation (FDIC) who subsequently sold them to relator, Dennis Joslin. The loan is in default and relator has filed the instant suit against the maker of the note and the makers of the pledged notes. Relator then filed a motion for summary judgment against Natal, Sewell and Baudier which the trial court denied. This writ followed.
^Relator argues that respondents[1] cannot assert any defenses to the pledged instruments because he is protected by the Federal Holder in Due Course doctrine and the D’Oench, Duhme doctrine. In support relator cites our decision in Resolution Trust Corp. v. Maldonado, 595 So.2d 774 (La.App. 4th Cir.1992). Relator asserts that respondents’ defenses of bad faith (i.e. the notes were acquired when relator knew there was a default) and conditions in the loan agreements are precluded because of his status as holder in due course.
In D’Oench, Duhme & Co. v. Federal Deposit Ins. Corporation, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) the United States Supreme Court held that the maker of a note could not assert as a defense a secret agreement between the note’s maker and the lending bank when the note had been acquired by the federal insurer. That decision and its progeny have been codified in 12 U.S.C. § 1823(e).[2]
The federal holder in due course doctrine bars the makers of promissory notes from asserting personal defenses against the FDIC[3] in connection with the purchase and assumption of instruments from insolvent banks. FDIC v. Wood, 758 F.2d 156 (6th Cir.), cert. denied, 474 U.S. 944, 106 S.Ct. 308, 88 L.Ed.2d 286 (1985). “[T]he FDIC and subsequent note holders enjoy holder in due course status whether or not they satisfy the technical requirements of state law.” Campbell Leasing, Inc. v. FDIC, 901 F.2d 1244, 1248 (5th Cir.1990).
13We do not quarrel or disagree with the above doctrines as they apply to the borrower. That is, the maker of the note evidencing the indebtedness to the defunct financial institution cannot raise personal defenses against the RTC or its transferees. We agree that once the FDIC or RTC acquires the instrument, it is accorded the status of holder in due course vis a vis the borrower, irrespective of state law requirements.
However, in the instant case, personal defenses are raised by the makers of the pledged instruments, not by the borrower. Those pledged instruments are not payable to the defunct institution, but to “Friends of Wayne Babovich.” They are pledged to secure the loan made by the borrower. They do not evidence the loan itself. Until relator forecloses on the pledge, he cannot execute on the security. In fact, until he forecloses on the pledge, he is not even a holder of the pledged instruments, much less a holder in due course. He does not become the owner of the pledged collateral until he proves the validity of the pledge *1110 agreement, the balance due on the loan and the fact that the loan is in default.[4]
The federal doctrines described above cannot be utilized to ignore this state’s law of pledge. They were never intended for that purpose. Respondents assert defenses predicated on the pledge agreement as well as the pledged instruments. The federal holder in due course doctrine should not be extended to cut off those defenses, at least not at this stage of the proceedings.[5]
|4The trial court judgment is affirmed.
AFFIRMED.

. Respondents in this writ are Natal and Sewell. Apparently Baudier settled.

. That statute effectively bars any claims against the Resolution Trust Company (RTC) based on unrecorded or "secret" agreements. Federal Deposit Insurance Corp. v. Hamilton, 939 F.2d 1225 (5th Cir.1991).

.The RTC, when acting as the receiver of an insured depository institution enjoys the same status as the FDIC when it is acting as a conservator or receiver. 12 U.S.C. § 1441.

. The instruments at issue in this case were executed prior to January 1, 1990, and therefore are governed by the Civil Code Articles on pledge. La. C.C. art. 3133.1. The pledgee (relator) must observe the legal formalities required in a foreclosure before he can execute on the pledged property. La. C.C. art. 3165. Ownership of the pledged property remains with the debtor. La. C.C. art. 3166.

. We recognize that our holding in this matter is contrary to Resolution Trust Corp. v. Maldonado, supra. We have submitted this matter to the court en banc, who, by a majority vote, have agreed to overrule that decision.